**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| GENERAL ELECTRIC COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 04-108C |
| | ) | (Judge Wolski) |
| UNITED STATES | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S UNOPPOSED MOTION FOR AN ENLARGEMENT OF TIME

Pursuant to Rule 6(b) of the Rules of the Court of Federal Claims, defendant, the United States, respectfully requests that the Court grant an enlargement of time of 21 days, to including May 10, 2004, to respond to plaintiff's complaint in this case. Defendant's response to plaintiff's complaint is currently due on Monday, April 19, 2004. Defendant was previously granted an enlargement of time of 21 days for this purpose. Counsel for plaintiff, Brad Fagg, has represented that plaintiff, General Electric Company, does not oppose this motion.

As the Court is aware, the Court has scheduled a status conference on April 30, 2004, in this and more than 40 other cases alleging damages arising from the Department of Energy's alleged breach of the "Standard Contract For Disposal Of Spent Nuclear Fuel And/Or High-Level Radioactive Waste" published at 10 C.F.R. § 961.11. Counsel for the Government is preparing to file its response to the Court's order that, by April 23, 2004, the Government provide various information about the pending Standard Contract cases and possible methods for proceeding in them. As the Court is aware, we have filed motions to stay in many of the pending Standard Contract cases, and we understand that the issue of a potential stay of proceedings in some or all of the recently filed Standard Contract cases will be discussed at the April 30, 2004 hearing.

We have not yet filed a motion to stay proceedings in the two cases that the plaintiff here, General Electric Company ("GE"), has filed (Docket Nos. 04-107C and 04-108C). In these two cases, GE has alleged not only that it is entitled to damages as a result of the Department of Energy's alleged breach of its Standard Contracts, but also that it is entitled to damages as a third-party beneficiary of other nuclear utilities' Standard Contracts. Specifically, GE alleges that it possesses and is currently storing the spent nuclear fuel of other nuclear utilities at its facilities and that it should recover damages based upon the Government's breach of those other utilities' Standard Contracts.

GE's request for damages as a third-party beneficiary of other Standard Contracts has created an issue that we believe may have to be addressed in any answer that we file to GE's complaints. Other nuclear utilities that actually are parties to the Standard Contracts to which GE asserts third-party beneficiary status are already plaintiffs in this Court, including the plaintiff in Connecticut Yankee Atomic Power Co. v. United States, No. 98-154C (Fed. Cl.). The Connecticut Yankee case is already scheduled for trial, set to begin July 12, 2004, and GE's filing of a new complaint alleging damages seemingly duplicative of those that Connecticut Yankee itself is seeking in its own case complicates our defense of that litigation.[1] We are attempting to determine the most appropriate manner in which to respond to GE's allegations of third-party beneficiary status, including whether there is some procedural mechanism that would eliminate

[1] In its case, as a part of its damages claim, Connecticut Yankee is seeking to recover the monies that it has paid and expects to pay GE for GE's storage of Connecticut Yankee's spent nuclear fuel. Accordingly to GE's complaint, it appears that GE is also seeking to recover damages allegedly incurred as a result of GE's storage of Connecticut Yankee's spent nuclear fuel.

the risk of duplicative recoveries by GE and other Standard Contract holders for the same damages.

We are working to attempt to resolve this procedural issue, but are concerned that, by filing an answer without addressing this issue, we risk waiving our right to assert any necessary defenses or requests that typically are required to be included in an answer. Further, we hesitate to request a complete stay in this case until we determine the most appropriate means of protecting the Government's interests in defending the duplicative claims of Connecticut Yankee and GE.[2] Unfortunately, with the number of cases that were recently filed and in light of the recent orders scheduling filings for April 23, 2004, and a hearing on April 30, 2004, we have not be able to identify the most appropriate means of resolving the procedural issue raised by GE's third-party beneficiary claim. In any event, it appears that issues surrounding all of the pending Standard Contract cases will be discussed in detail in the parties' various April 23, 2004 filings and during the parties' hearing with the Court on April 30, 2004. So that the parties can participate in that hearing and make decisions about future proceedings in this case based upon the outcome of that hearing, we respectfully request that the Court grant us an additional enlargement of 18 days to file a response to GE's complaint in this case.

For the foregoing reasons, defendant respectfully requests that the Court grant defendant's request for an enlargement of time of 21 days.

---

[2] It appears that other cases involving the same Standard Contracts as those at issue in this case are not yet scheduled for trial.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/ David M. Cohen
DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

April 19, 2004

CERTIFICATE OF FILING

I hereby certify that on this 19th day of April 2004, a copy of foregoing "DEFENDANT'S UNOPPOSED MOTION FOR AN ENLARGEMENT OF TIME" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Harold D. Lester, Jr.