IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| **GENERAL ELECTRIC COMPANY** | |
| Plaintiff, | Case No. 04-0108C |
| v. | |
| | Judge Wolski |
| **UNITED STATES OF AMERICA,** | |
| Defendant. | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STAY ALL PROCEEDINGS**

Plaintiff, General Electric Company (for these purposes "GE"), respectfully submits the following response to Defendant's Motion to Stay All Proceedings Or, In The Alternative, For Coordinated Discovery Regarding Rate and Schedule Issues.[1/]

**INTRODUCTION**

Both parties to this case have affirmatively moved for a temporary stay of proceedings. Accordingly, should the Court not stay this case, it would be over the objection of not one, but both, parties. While the reasons for a stay cited and argued by GE and by the government differ in some respects, GE respectfully submits that the core of both parties' position is the shared reasonable expectation that significant time, effort and expense—on the part of GE, on the part of the government, and on the part of the Court—will be avoided by the jointly-requested stay. In similar circumstances, a number of other "new spent nuclear fuel cases" have been stayed in

1/ GE has two "spent nuclear fuel" lawsuits pending before the Court. This lawsuit, No. 04-0108C (Wolski, J.), involves material stored at GE's Vallecitos facility in Pleasanton, California, and DOE Standard Contract No. DE-CR01-83NE44426. The other lawsuit, No. 04-0107C (Wolski, J.), involves material stored at GE's Morris facility in Illinois, and DOE Standard Contract No. DE-CR01-83NE44384.

whole or in part by judges of this Court.[2/] GE is aware that the Court in *Texas Genco, LP et al. v. United States*, No. 04-100C (Order, May 5, 2004) (Wolski, J.), ruled that "guidance" from other cases was an insufficient ground for a stay, and that the likelihood of appellate proceedings after the initial requested stay period militated against the seven-month stay requested in that case. GE respectfully submits, however, that in this case it is far more than mere "guidance" that will be achieved—what will likely be achieved, as described further below, will be the concrete saving of scarce resources on the part of the parties and the Court. With respect to further appellate proceedings, GE represents that so long as it continues to appear that such appellate proceedings would be likely to resolve in a definitive manner issues that might be presented in this case, GE would continue to agree to a continued stay of this case. In order to provide flexibility and to continue to assess the landscape in a thoughtful manner, GE proposes the periodic filing of status reports (*e.g.*, every six months).

**DISCUSSION**

In its April 23 affirmative motion for a stay and report in response to the Notice of Pre-Discovery Conference in this case, GE stated some of its views regarding the desirability of a

---

2/ Those cases include: *Entergy Nuclear Fitzpatrick, LLC, Entergy Nuclear Indian Point 3, LLC and Entergy Nuclear Operations, Inc v. United States*, No. 03-2627C, (Damich, C. J.); *Portland General Electric Company, The City of Eugene, Oregon, and Pacificorp v. United States*, No. 04-0009C, (Bruggink, S. J.); *Energy Northwest v. United States*, No. 04-0010C, (Damich, C. J.); *Delmarva Power & Light Co v. United States*, No. 04-0034C, (Miller, J.); *Atlantic City Electric Co v. United States*, No. 04-0036C, (Futey, S. J.); *Interstate Power & Light Co. v. United States*, No. 04-0067C, (Miller, J.); *Pacific Gas & Electric Co. v. United States*, No. 04-0074, (Hewitt, J.); *Pacific Gas & Electric Co. v. United States*, No. 04-0075, (Hewitt, J.); *Dominion Resources, Inc., et al. v. United States*, No. 04-0083C, (Bruggink, S. J.); *Dominion Resources, Inc., et al. v. United States*, No. 04-0084C, (Bruggink, S. J.); *FPL Energy Seabrook, LLC, et al. v. United States*, No. 04-0088C, (Damich, C. J.); *TXU Generation Co. LP v. United States*, No. 04-0098, (Williams, J.); *Dairyland Power Cooperative v. United States*, No. 04-0106, (Damich, C. J.); *Rochester Gas and Electric Corp. v. United States*, No. 04-0118C, (Bush, J.); *Niagara Mohawk Power Corp. (Nine Mile Point 1)*, No. 04-0124C, (Sypolt, J.); *Illinois Power Corp. v. United States*, No. 04-0133, (Damich, C. J.).

stay. Following is a brief reiteration of those views.

First, GE filed this lawsuit when it did because of the impending arguable expiration of a statute of limitations period. Several courts have held that the government's "breach" with respect to spent nuclear fuel occurred when it failed to commence accepting spent nuclear fuel and/or high level waste on January 31, 1998. *E.g.*, *Maine Yankee Atomic Power Company v. United States*, 225 F.3d 1336, 1343 (Fed. Cir. 2000). The applicable limitations period is six years. 28 U.S.C. § 2501. Given these circumstances, no prudent Standard Contract holder and possessor of spent nuclear fuel who had suffered or expected to suffer damages due to DOE's performance failures could rationally have determined not to file a lawsuit by January 31, 2004. GE would prefer to defer prosecuting this case until the Government's standard defenses are resolved in other cases. In most cases before this Court, the plaintiffs actively desire to proceed to judgment as quickly as possible. GE respectfully suggests that the court give those cases priority over this one.

Second, the prospect of savings of resources in this case is quite real. Throughout the history of these spent nuclear fuel cases, the government's approach has been to develop standard or generic defenses, and then to assert those defenses in every case. The prior jurisdictional issues that consumed the litigations for two years are a good example. *See generally*, *Maine Yankee Atomic Power Company*, 225 F.3d 1336; *Northern States Power Company v. United States*, 224 F.3d 1361 (Fed. Cir. 2000). The cookie-cutter partial dispositive motions that the government filed in the older cases on issues of rate of acceptance of spent nuclear fuel, duties to accept Greater Than Class C waste, and viability of takings claims are additional good examples. The government's recently-discovered arguments regarding the recoverability of future damages, asserted at the eleventh hour in the *Indiana Michigan* trial

proceedings, are yet another example. As with the threshold jurisdictional matters, it is quite possible that some or all of these issues will one day be resolved definitively by the Federal Circuit. In the meanwhile, GE wishes to avoid the costs of briefing such matters.

Even with respect to issues or defenses to which the government has alluded as being unique to GE, resolution would likely be rendered more efficient—or unnecessary—by the jointly-requested stay.[3/] One sort of issue that the government has raised is the purported potential of "duplicative recovery." The fact that the GE complaint includes a reference to GE being a third party beneficiary of other parties' contracts with DOE, according to the government, poses "seemingly duplicative" damage claims. *See* Defendant's Unopposed Motion for An Enlargement, dated April 19, 2004, at 2. GE does not understand the nature of the government's concerns, and it is therefore not possible for GE to respond (except to note as a general matter that breach damages legitimately incurred and proved by one party are irrelevant to damages legitimately incurred and proved by another, even if third party beneficiary principles are implicated). It is self-apparent, however, that any such "concerns" by the government may well be eliminated—or at the very least the contours clarified—depending upon what happens with other parties' damage claims. GE is content to await the outcome of such proceedings. That is clearly a more efficient and sensible approach than extensive briefing of unprecedented and thorny jurisdictional and joinder issues, which may well turn out to be merely hypothetical. Such motions practice, however, is apparently the course upon which the government would intend to embark should the requested stay of this case not be granted.

---

3/ In footnote 1 of its Motion for a Stay dated May 10, 2004, the government, confusingly, makes a reference to alleged "non-payment of [GE's] one time fee." 5/10/04 Motion at 1. The Standard Contracts required payments of one-time fees based upon electricity generated prior to April 7, 1983, but, as far as GE has been able to ascertain to date, GE did, in fact, pay all required one-time fees in connection with the spent nuclear fuel covered by both of its Standard Contracts with DOE.

Third and finally, the Court made reference to the likelihood of appellate proceedings as grounds for provisionally denying a requested stay in *Texas Genco, LP et al. v. United States*, No. 04-100C (Order, May 5, 2004) (Wolski, J.). So long as it appears that issues that the government might attempt to raise in this case have a chance of being definitively resolved in appellate proceedings in other cases, GE represents that it would be willing to agree to extend the stay to accommodate such proceedings. Even if that resulted in this matter being stayed for one or two years (or even longer), GE is willing to defer prosecution of its case for such a period in order maximize the chances of achieving the savings of resources described above.

**CONCLUSION**

For the reasons described above, GE requests that this case be stayed, and that the parties be required to file a status report regarding the continued desirability of a stay in six months.

s/ Brad Fagg
Brad Fagg (Counsel of Record)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 739-5191 Telephone
(202) 739-3001 Facsimile

May 24, 2004

Of Counsel:

Paul M. Bessette
MORGAN, LEWIS & BOCKIUS LLP

Attorneys for Plaintiff
General Electric Company

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 24th day of May, 2004, the foregoing was filed with the Court electronically, and service is thereby deemed to have been made upon all counsel of record.

s/ Paul Bessette