**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **GENERAL ELECTRIC COMPANY,** | ) | |
| Plaintiff, | ) | Case No. 04-108C |
| v. | ) | |
| | ) | Judge Wolski |
| **UNITED STATES OF AMERICA,** | ) | |
| Defendant. | ) | |

**<u>JOINT STATUS REPORT</u>**

Pursuant to this Court's order of December 18, 2006, the parties respectfully file this joint status report. As described below, the parties jointly request that the current stay of this case be extended until December 14, 2007.[1]

This action is based upon a Standard Contract for Disposal of Spent Nuclear Fuel and/or High-Level Radioactive Waste ("Standard Contract") between various utilities and the United States, acting through the Department of Energy ("DOE"), the material terms of which are published at 10 C.F.R. § 961.11. Approximately fifty-six cases involving the Government's actions in connection with spent nuclear fuel ("SNF") and/or high-level waste ("HLW") are currently pending in the Court of Federal Claims.[2]

[1] Although the parties both request this stay, they reserve their rights to request that the stay be lifted, either in whole or in part, prior to December 14, 2007, if circumstances in this case or other spent nuclear fuel cases warrant it.

[2] Nine other cases have been dismissed voluntarily or by joint stipulation. A final judgment from which no appeal was taken has been entered in a tenth, <u>Tennessee Valley Authority v. United States</u>, 69 Fed. Cl. 516 (2006), and an eleventh, <u>Indiana Michigan Power Co. v. United States</u>, 98-486C (Fed. Cl.), has been appealed and has been the subject of an opinion by the Federal Circuit. <u>Indiana Michigan Power Company v. United States</u>, 422 F.3d 1369 (Fed. Cir. 2005). Trials have also been completed, judgments have been entered, and appeals are pending in <u>Yankee Atomic Elec. Co. v. United States</u>, No. 98-126C (Fed. Cl.); <u>Connecticut Yankee Atomic Power Co. v. United States</u>, No. 98-154C (Fed. Cl.); <u>Maine Yankee Atomic Power Co. v. United States</u>, No. 98-474C (Fed. Cl.)

The parties agree that the Court should issue a modest and reasonable continuation of the stay of all proceedings, including discovery, until December 14, 2007. The parties agree that a stay of proceedings in this case will allow for possible efficiencies because of the resolution of legal and factual issues in other cases in which similar claims are being pursued by other plaintiffs. These issues may include, among others, so-called "rate issues," or the minimum mandatory schedule for the acceptance of SNF and HLW by which the Government was contractually obligated to accept contract holders' SNF and/or HLW, and issues regarding other claims and defenses that will likely be implicated in this lawsuit. Such issues have been, or are expected to be, presented in current or expected appeals, or trials in which decisions might be expected in the next year.[3] Resolution of these issues in such cases could facilitate agreements by the parties in this lawsuit, or at a minimum, inform the Court's consideration of such issues if they remain contested and require resolution in this case.

For these reasons, the parties request that the stay be continued until at least December 14, 2007. By that date, there may be appellate guidance on some of the issues regarding claims and defenses identified above, and decisions may be issued in at least

---

(decision issued October 4, 2006) (appeal filed December 4, 2006); Pacific Gas & Electric Company v. United States, No. 04-74C (decision issued October 13, 2006, appeal docketed January 24, 2007) and Sacramento Municipal Utility District v. United States, No. 98-488 (Fed. Cl.) (final decision issued December 1, 2006, appeal filed February 2, 2007). Trials have been completed in Southern Nuclear Operating Company v. United States, No. 98-614C (Fed. Cl.); Northern States Power Co. v. United States, No. 98-486C (Fed. Cl.); Boston Edison Co. v. United States, No. 99-447C (Fed. Cl.); System Fuels, Inc. v. United States, No. 03-2623C (Fed. Cl.); and System Fuels, Inc. v. United States, No. 03-2624C (Fed. Cl.). Finally, interlocutory review of certain issues regarding potential contractual defenses by the government is being pursued in Nebraska Public Power District v. United States, No. 01-116C.

[3] While the Court of Appeals resolved certain issues regarding future damages in Indiana Michigan Power Co. v. United States, 422 F.3d 1369 (Fed. Cir. 2005), the court there did not address other issues regarding damages that may be implicated in this case. Such issues may, however, be addressed, or at least informed, by one or more of the cases or appeals identified in footnote 2, above.

some of the cases that have been tried or will be tried. At that time, the Court should allow the parties to submit another status report identifying their positions regarding further activity in the case in light of the status of activities in other cases.

As noted above, the parties desire this case to be stayed and, therefore, desire to defer setting a schedule for the filing of any dispositive motions. Similarly, the parties believe that the jointly-requested stay will help to inform their decisions regarding their intent to file such motions, and that it is premature at this time to commit to filing such motions.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
Assistant Director

s/ Brad Fagg
BRAD FAGG
MORGAN, LEWIS & BOCKIUS, LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 739-5191
Facsimile: (202) 739-3001

Attorneys for Plaintiff

s/ Andrew P. Averbach
Andrew P. Averbach
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, NW
Washington, D.C. 20530
Telephone: (202) 353-0527
Facsimile: (202) 305-2118

Attorneys for Defendant

June 29, 2006

CERTIFICATE OF FILING

I hereby certify that on this 29th day of June 2007, a copy of the foregoing "JOINT STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Andrew P. Averbach